[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2007
THOMAS K. KAHN
CLERK

No. 06-12869
Non-Argument Calendar

_____

D.C. Docket No. 05-21013-CV-PAS

MAXIMO HADDAD,

Plaintiff-Appellant,

versus

RAV BAHAMAS, LTD.,
GERARDO CAPO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 31, 2007)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

Maximo Haddad appeals the district court's dismissal of his action against

Gerardo Capo and RAV Bahamas Ltd. for failure to state a claim. Haddad's original

complaint asserted state law claims for breach of fiduciary duty, specific performance,

constructive trust, and joint venture accounting. The district court purportedly had subject matter jurisdiction based upon diversity of citizenship. RAV Bahamas and Capo moved to dismiss on the grounds that RAV Bahamas was a foreign corporation and Haddad was a foreign individual and, thus, there was no diversity. Haddad filed an amended complaint, in which he added a purported federal securities fraud claim, invoking the district court's federal question jurisdiction.

RAV Bahamas and Capo again moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), arguing that the Complaint failed to allege a transaction in securities. After oral argument, the district court held that Haddad failed to state a claim for securities fraud, and therefore failed to raise a federal question. The court granted RAV Bahamas and Capo's 12(b)(6) motion, dismissed Haddad's securities fraud claim, declined jurisdiction over the pendant claims, and closed the case. This appeal followed.

We review the district court's decision *de novo*, upholding the lower court's decision "only if it appears beyond doubt that the allegations in the complaint, when viewed in the light most favorable to the plaintiff, do not state a claim upon which relief can be granted." *Theoharous v. Fong*, 256 F.3d 1219, 1224 (11th Cir. 2001).

The district court relied heavily on the fourth circuit decision in *Robinson v. Glynn*, 349 F.3d 166 (4th Cir. 2003), to hold that Haddad's interests in companies

2

which would be created in the future did not convert his investment into a security. *Robinson* and this case, however, are not alike. In *Robinson*, the interest that the plaintiff was to receive was "neither denominated stock by the parties, nor did it possess all the usual characteristics of stock." *Id*. at 173. That is not the case here, as the agreement between the parties refers to a "Shareholders Agreement," discusses "securities," and calls the holders of these securities "stockholders."

The definition of "security" in federal securities laws is quite broad. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301 (1985). Given this broad definition and the fact that we must take all of the complaint's factual allegations as true and draw all inferences in Haddad's favor, we find that it cannot be said, as a matter of law, that Haddad did not state a claim that implicated federal securities laws. In short, it does not appear "beyond doubt that the allegations in the complaint, when viewed in the light most favorable to the plaintiff, do not state a claim upon which relief can be granted." Accordingly, the district court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion.[1]

**REVERSED AND REMANDED**.

---

[1] In reversing and remanding, we hold only that Haddad's complaint should have survived Capo and RAV Bahama's 12(b)(6) motion. Beyond that, we make no judgment and offer no opinion on the merits of Haddad's claims.